IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE AM. INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 2:06cv717-ID |
| v. | ) | |
| | ) | |
| CAROL THORN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the court is a motion for summary judgment filed on April 4, 2007, by Defendants Dale Kirkindoll, Elizabeth Kirkindoll and Thomas Holt Kirkindoll.[1] (Doc. No. 29.) Plaintiff Progressive American Insurance Co. ("Progressive") filed a response in opposition on April 19, 2007 (Doc. No. 35), to which the Kirkindoll Defendants submitted a reply. (Doc. No. 37.) For the reasons to follow, the motion is due to be denied without prejudice.

**II. JURISDICTION**

The jurisdiction of the court properly is invoked by this Rule 22 interpleader action, pursuant to 28 U.S.C. § 1332. Diversity of citizenship exists between the

---

[1] The court refers collectively to the summary judgment movants as the Kirkindoll Defendants.

stakeholder and the claimants, see Allstate Ins. Co. v. Young, 923 F. Supp. 1559, 1561 (S.D. Ga. 1996), and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

### III.  FACTS

This is an interpleader action brought by Progressive, pursuant to Rule 22 of the Federal Rules of Civil Procedure, to determine who among competing claimants is entitled to the proceeds of an automobile liability insurance policy issued by Progressive to Defendant Carol L. Thorn ("Thorn").  Progressive initiated this interpleader action because "it received competing claims to its [$100,000] policy limits as a result of an automobile accident that occurred on December 26, 2004," in Butler County, Alabama (Doc. No. 35 ¶ 1.)

The automobile accident at issue involved three vehicles and eleven individuals. On December 26, 2004, Thorn's daughter, Defendant Joleen Leea Colon ("Colon"), who was driving an automobile on Interstate 65, crossed the center line and struck a vehicle driven by Dale Kirkindoll.  Dale Kirkindoll's vehicle, in turn, hit a vehicle driven by James W. Griffin ("Griffin").  (Compl. ¶¶ 3-4.)

Traveling with Colon were her minor children, William R. Klauss and Cherety Thorn.  Sadly, both of the minor children died of injuries sustained in the accident.  The passengers in Dale Kirkindoll's vehicle were Elizabeth S. Kirkindoll and Thomas Holt Kirkindoll.  All of the Kirkindoll Defendants were injured in the accident.  (Id. ¶ 5.)

2

Griffin's passengers were Defendants Sandra L. Griffin, Patrick A. Belt, Christopher B. Belt and Gene E. Stegmaier. (Id. ¶ 6.)

On August 11, 2006, Progressive filed the instant complaint for interpleader, pursuant to Rule 22 of the Federal Rules of Civil Procedure. It paid into the court $100,000, which represents the liability coverage available under the policy. (Doc. Nos. 2, 4.) As indicated above, the drivers and passengers of the three vehicles involved in the accident are named as Defendants, as well as certain corporations which Progressive "believe[s]" possess "valid hospital liens or subrogation claims as a result of treatment rendered to some of the injured defendants." (Compl. ¶ 8.)

As relief, Progressive requests the court, among other things, to "enjoin and restrain" the interpleader-defendants from commencing any legal proceeding in any state or federal court for recovery of the policy proceeds. (Id. at 4.) Additionally, Progressive petitions the court to "[d]etermine the rights of the defendants to the insurance proceeds and then direct the clerk to distribute the funds as designated by the court[.]" (Id.)

## IV. STANDARD OF REVIEW

Summary judgment is entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). At the summary judgment juncture, the court assumes that the

evidence of the non-movant is true and draws all reasonable inferences in the light most favorable to the non-movant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court's function is not to weigh the evidence and determine the truth of the matter, but to decide whether there is a genuine issue for trial. Id. at 249-50.

## V. DISCUSSION

As grounds for their motion for summary judgment, the Kirkindoll Defendants assert that no other defendant has made an appearance and claimed the money and that they are entitled as a matter of law to the full policy limits, which in this case is $100,000. As set out in their individual affidavits, the Kirkindoll Defendants agree as to the division of the proceeds of the policy as follows: Dale Kirkindoll ($50,000); Elizabeth Kirkindoll ($20,000); and Holt Kirkindoll ($30,000). (See Exs. to Doc. No. 29.)

Opposing the motion, Progressive asserts that, despite diligent efforts, it has been unable to perfect service upon the following three Defendants: (1) Thorn, who is the policyholder; (2) Colon, who is the daughter of the insured and the at-fault driver; and (3) Christopher B. Belt, who was a passenger in the vehicle driven by Griffin. (See Doc. Nos. 21, 25, 35 ¶¶ 3-5.) Progressive states further that it "has been unable to identify the personal representatives of the deceased minor children, William Klauss and Cherety Thorn," but expects that it will be able to do so once service upon the policyholder (Thorn) is perfected. (Doc. No. 35 ¶ 4.) Progressive argues that these parties "are

necessary to a complete resolution in this matter" and that, therefore, the Kirkindoll Defendants' motion for summary judgment is "premature" because these parties have not been joined. (Id. ¶ 6.)

In their reply, the Kirkindoll Defendants assert that Progressive cannot defeat the summary judgment motion because Progressive has not disputed the facts or Defendants' entitlement to the proceeds of the policy. They, thus, contend that "there is no material issue of fact in this case and summary judgment is due to be granted." (Doc. No. 37 ¶ 1.)

For the reasons to follow, the court finds that the motion for summary judgment is due to be denied. Those reasons, however, differ somewhat from the reasons asserted by Progressive.

The purpose of Rule 22 is to provide a procedural mechanism for an interpleader to join as defendants all persons whose "claims are such that the [interpleader] is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22; see Washington Elec. Coop. v. Paterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993) ("Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund.") (citations omitted). A Rule 22 interpleader action generally comprises two stages. See Ohio Nat. Life Assur. Corp. v. Langkau, No. 3:06-cv-290-J-33MCR, 2006 WL 3162354, *2 (M.D. Fla. Nov. 2, 2006); Amy Holding Co., Inc. v. Dasyure, Ltd., No. Civ. A. 99-067, 1999 WL 401660, *1 (E.D. La. June 16, 1999) (citing Federal Practice and Procedure, § 1714); Markes v. Metropolitan Life Ins. Co., No. 98-CV-0391, 1999 WL 55220, *2 (N.D.N.Y. Jan. 26,

5

1999). In the first stage, the court decides whether it is appropriate to require all competing claimants to litigate their claims in a single forum, "but only after all parties have been given notice and an opportunity to be heard on the question." Federal Practice and Procedure, § 1714. In the second stage, the court proceeds to a merits determination of which claimants are entitled to the proceeds at issue. (Id.); see also Avant Petroleum, Inc. v. Banque Paribas, BP, 853 F.2d 140, 143 (2d Cir. 1988) ("Once the interpleader form has been approved, . . . the court proceeds to adjudicate the claims before it . . . ."). The first stage may be decided separately or simultaneously, but it cannot be ignored. Markes, No. 98-cv-0391, 1999 WL 55220, *2.

Applying the foregoing principles, the court finds that an entry of summary judgment in favor of the Kirkindoll Defendants at this juncture is problematic for at least two reasons. First, the Kirkindoll Defendants have asked the court to bypass the first stage of the interpleader action and decide the merits of this case under stage two. Although admittedly, on its face, this action appears to present a classic textbook example of interpleader, a decision has not been rendered on the stage-one issue. Cf. Markes, No. 98-cv-0391, 1999 WL 55220, *2 (denying motion for default judgment on the merits as premature because "stage one of the traditional interpleader claim has yet to come before the Court by motion or otherwise").

Second, in their motion for summary judgment and in their reply, the Kirkindoll Defendants do not mention the fact that not all of the potential claimants have been served, but the court finds that this fact cannot be disregarded. Because all of the

6

individuals who Progressive says are potential claimants have not been served, they obviously have not had an opportunity to be heard on the stage-one issue.  Similarly, dispersing the policy proceeds to the Kirkindoll Defendants at this time would foreclose Rule 22 as a viable procedural device for Progressive to resolve the present dispute.

The inability of Progressive to perfect service on all Defendants within the 120 days allotted under Rule 4(m) also brings to the forefront an additional issue which the court finds is appropriate to address at this time.  See Fed. R. Civ. P. 4(m).  Namely, the second extension of time which the court granted Progressive to perfect service on the remaining Defendants expired on April 20, 2007.[2]  (Doc. No. 26); see also Fed. R. Civ. P. 4(m).  The record indicates that Progressive's personal service on Thorn was "refused"on April 18, 2007 (Doc. No. 36) and that the alias summonses for Christopher B. Belt and Colon are outstanding.  (Doc. Nos. 32-33.)  Although Progressive has not sought an additional extension of time, the court has broad discretion to extend the time for service under Rule 4(m), even in the absence of a good-cause showing by Progressive. Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Fed. R. Civ. P. 4(m).  As set out in the Advisory Committee Notes on Rule 4(m), one of the factors which may warrant an extension of time for service of process is where "the defendant is evading service."  See Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993

---

[2] Based upon Progressive's demonstration of good cause, the court twice has extended the deadline for Progressive to serve the presently-absent Defendants.  (See Doc. Nos. 22, 26.)

7

Amendments; Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005). In light of the purpose of Rule 22 and the seemingly-evasive conduct by one defendant, and perhaps two (see Doc. No. 15, 36), an additional extension of time for Progressive to perfect service may be warranted. The court, however, shall permit the Kirkindoll Defendants and Progressive an opportunity to be heard before the court decides how to apply Rule 4(m) to the facts at hand.[3]

In sum, the court finds that it is premature to disperse the proceeds of the policy, which is the sole relief requested by the Kirkindoll Defendants in their motion for summary judgment. The court, therefore, concludes that the motion for summary judgment is due to be denied without prejudice with leave for the Kirkindoll Defendants to re-file at a later date, if and when appropriate. Any future motion for summary judgment filed in this matter should address the issues raised in this order, unless those issues at that time are moot. Furthermore, the court will direct the parties to address whether, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the time for Progressive to serve Thorn, Colon and Christopher B. Belt should be extended or whether this action should be dismissed without prejudice as to these Defendants.

---

[3] The court notes also that, if ultimately, Progressive is unable to perfect service on Thorn, Colon and Christopher B. Belt, more unanswered questions arise as to whether these individuals are indispensable parties, and, if so, whether this action is permitted to proceed in their absence. See Fed. R. Civ. P. 19(a) & (b).

## VI.  ORDER

In accordance with the foregoing, it is CONSIDERED and ORDERED as follows:

(1)  The Kirkindoll Defendants' motion for summary judgment be and the same is hereby DENIED without prejudice with leave to re-file when appropriate.

(2)  Progressive is DIRECTED to file a pleading on or before May 17, 2007, addressing whether the court should or should not dismiss this action without prejudice as to Defendants Carol L. Thorn, Joleen Leea Colon and Christopher B. Belt for failure of Progressive to effect service of the summons and complaint upon these Defendants.  The Kirkindoll Defendants may file a response, if desired, within five days of service of Progressive's pleading.

Done this 8th day of May, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE