IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION # 2:06cv717-ID |
| CAROL THORN; JOLEEN LEEA COLON; DALE EUGENE KIRKINDOLL; ELIZABETH S. KIRKINDOLL; THOMAS HOLT KIRKINDOLL; JAMES W. GRIFFIN SANDRA L. GRIFFIN; PATRICK A. BELT; CHRISTOPHER B. BELT; GENE STEGMAIER; ESTATE OF WILLIAM R. KLAUSS, a deceased minor; ESTATE OF CHERETY THORN a deceased minor; LV STABLER MEMORIAL HOSPITAL; BRPT LAKE REHABILITATION CENTER; BUTLER COUNTY EMERGENCY MEDICAL SERVICES; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.Civ.P. 26(f), a meeting was held by conference call on June 21, 2007 and was attended by:

R. Larry Bradford, attorney for plaintiff
Mathew Richardson, attorney for defendants, Dale Eugene Kirkindoll, Elizabeth S. Kirkindoll, Thomas Holt Kirkindoll
Greer Mallette, attorney for defendant, LV Stabler Memorial Hospital

The parties do not request a conference with the court before entry of the scheduling order.

1.  **Plaintiff's narrative statement of facts and cause of action**: Progressive issued a policy of automobile insurance to Carol L. Thorn ("Thorn"). She is over the age of 19 years and is believed to be a resident citizen of the state of Georgia.

    Joleen Leea Colon ("Colon") was the driver of a rental vehicle involved in an accident. She is the daughter of Thorn. Colon is over the age of 19 years and is believed to be a resident citizen of the state of Florida.

    Colon was involved in an accident on I-65 near Evergreen in Butler County, Alabama. The accident occurred on December 26, 2004 when a vehicle driven by Colon crossed the center line of the interstate, striking a vehicle driven by Dale Eugene Kirkindoll ("Kirkindoll") which, in turn, struck a vehicle driven by James W. Griffin ("Griffin").

    The defendant Kirkindoll is over the age of 19 years and is a resident citizen of the state of Louisiana. Kirkindoll's passengers were the defendants, Elizabeth S. Kirkindoll and Thomas Holt Kirkindoll. They are also over the ages of 19 years and are resident citizens of the state of Louisiana. They were all injured in the accident.

    The defendants LV Stabler Memorial Hospital, BRPT Lakeshore Rehabilitation, and Butler County EMS may have hospital liens or subrogation claims for treatment of individuals involved in the accident.

    Progressive has received competing claims to its policy limits. Therefore, it interplead the amount of its policy limits ($100,000) with the court. It requests that all entities or individuals with a claim to the policy proceeds be required to answer the interpleader and assert their claims in this case.

    **Defendants' narrative statement of facts and defenses**: The Kirkindoll defendants claim that they were injured as a result of the accident and incurred medical bills and expenses as well as pain and sufffering and emotional distress as a result of the accident. They contend that they are entitled to all of the policy proceeds interplead by Progressive.

    Defendant LV Stabler Memorial Hospital may have a hospital lien or subrogation claim for some or all of the policy proceeds. It seeks recovery of any such liens or subrogation amount.

2.  This is a non-jury case. The parties do not anticipate that a full trial will be necessary. Rather, the issues should be resolved at an interpleader hearing. In the event that a trial is necessary, the parties should be ready by December 2007.

3. The parties do not believe a pretrial conference will be necessary. However, the parties may request an interpleader hearing after all parties have filed answers or been defaulted.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan: The parties do not believe any discovery will be necessary in this case other than to determine the amount of any hospital liens or subrogation claims. However, in the event that discovery is necessary:

All discovery commenced in time to be completed by November 1, 2007.

5. Initial Disclosures. The parties will exchange by July 13, 2007 the information required by Fed.R.Civ.P. 26(a)(1).

6. The parties request until July 31, 2007 to join additional parties and amend the pleadings.

7. No expert witnesses are anticipated. However, in the event that there are expert witnesses, reports from retained experts under Rule 26(a)(2) due:

From plaintiff by August 31, 2007
From defendant by September 15, 2007.

7. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by November 9, 2007.

8. Discovery Limits.
Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of eight depositions by plaintiff and four by defendant. Each deposition is limited to a maximum of seven hours unless extended by agreement of the parties.

Maximum of 15 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 25 requests for production by each party to any other party. Responses due 30 days after service.

9. All potential dispositive motions filed by November 1, 2007.

10.	The parties anticipate that this case can be settled without mediation.

Date: June 21, 2007.


/s/ Larry Bradford[1]
R. Larry Bradford
Counsel for Plaintiff
Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL 35216

/s/Matthew Richardson[1]
Matthew Richardson
Counsel for Kirkindoll Defendants
Jackson, Foster, & Graham, LLC
P.O. Box 2225
Mobile, AL 36652


/s/ Greer B. Mallette
Greer B. Mallette
Counsel for LV Stabler Memorial Hospital

Christian & Small, LLP
505 20th Street North
1800 Financial Center
Birmingham, AL 35203-2695

---

[1]Signatures may be electronically affixed (i.e./s/Larry Bradford) and defendants' counsel consent to Larry Bradford e-filing the foregoing report on behalf of all parties.