IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY, | \* \* \* \* |
| Plaintiff, | \* \* |
| v. | \* \* \* |
| CAROL THORN, JOLEEN LEEA COLON; DALE EUGENE KIRKINDOLL; ELIZABETH S. KIRKINDOLL; THOMAS HOLT KIRKINDOLL; JAMES W. GRIFFIN; SANDRA L. GRIFFIN; PATRICK A. BELT; CHRISTOPHER B. BELT; GENE STEGMAIER; ESTATE OF WILLIAM R. KLAUSS, a deceased minor; ESTATE OF CHERETY THORN, a deceased minor; LV STABLER MEMORIAL HOSPITAL; BRPT LAKE REHABILITATION CENTER; BUTLER COUNTY EMERGENCY SERVICES | \* CIVIL ACTION #: 2:06cv717-SRW \* \* \* \* \* \* \* \* \* \* \* \* \* |
| Defendants. | |

**DEFENDANT'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO
PLAINTIFF PROGRESSIVE AMERICAN INSURANCE COMPANY**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Dale Eugene Kirkindoll, Elizabeth S. Kirkindoll, and Thomas Holt Kirkindoll propound on Plaintiff Progressive American Insurance Company the following Interrogatories and Request for Production of Documents to be answered and responded to within the applicable period of time pursuant to said Rule.

In answering these Interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney or any person acting for you on his behalf, and not merely information as is known of your own personal knowledge. If you cannot answer any particular interrogatory or interrogatories in full, after exercising due diligence to secure the information sought, so state and to the extent possible to the best of your ability.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made and (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

You are hereby cautioned that each answer provided herein is given under oath and that the responses of Plaintiff Progressive American Insurance Company may be read to the Judge at the trial of this case.

## INTERROGATORIES AND REQUEST FOR PRODUCTION

1. State the name, address and telephone number of the person answering these Interrogatories.

ANSWER:

2. At the time the interpleader was filed, state what other competing claims Plaintiff Progressive American Insurance Company (Progressive) had against the automobile policy issued to Carol Thorn. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

3. State any information or knowledge Progressive had to lead them to believe **BRPT Lake Rehabilitation Center** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

4. State any information or knowledge Progressive had to lead them to believe **Butler County Emergency Medical Services** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

5. State any information or knowledge Progressive had to lead them to believe **Baton Rouge Clinic** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

6. State any information or knowledge Progressive had to lead them to believe **Our Lady of the Lake Regional Medical Center** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other

tangible evidence that substantiate these claims.

ANSWER:

7. State any information or knowledge Progressive had to lead them to believe **Baton Rouge Orthopaedic Clinic, LLC** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

8. State any information or knowledge Progressive had to lead them to believe **State Farm Health Insurance** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

9. State any information or knowledge Progressive had to lead them to believe **GEMS, Inc.** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

10. State any information or knowledge Progressive had to lead them to believe **Schumacher Medical Group** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes,

memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

11. State any information or knowledge Progressive had to lead them to believe **Southern National Life Insurance Co., d/b/a Benefit Management Services** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

12. State any information or knowledge Progressive had to lead them to believe **Carol Thorn** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

13. State any information or knowledge Progressive had to lead them to believe **Joleen Leea Colon** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

14. State any information or knowledge Progressive had to lead them to believe **James W. Griffin** had any valid subrogation claims, hospital liens, or any other competing claims

on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

15. State any information or knowledge Progressive had to lead them to believe **Sandra L. Griffin** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

16. State any information or knowledge Progressive had to lead them to believe **Patrick A. Belt** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

17. State any information or knowledge Progressive had to lead them to believe **Gene Stegmaier** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

18. State any information or knowledge Progressive had to lead them to believe the **Estate of William R. Klauss, a deceased minor,** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

19. State any information or knowledge Progressive had to lead them to believe the **Estate of Cherety Thorn, a deceased minor,** had any valid subrogation claims, hospital liens, or any other competing claims on the Carol Thorn policy. Please provide any documents, letters, notes, memoranda, photographs, drawings, films, slides, tapes or any other tangible evidence that substantiate these claims.

ANSWER:

20. Please state the steps Progressive took in order to determine the existence of any claims described in Interrogatories #2 through #19.

ANSWER:

Respectfully Submitted,

/s/ SIDNEY W. JACKSON, III
SIDNEY W. JACKSON, III(JAC024)
MATHEW B. RICHARDSON (RIC050)
JACKSON, FOSTER & GRAHAM, L.L.C.
Post Office Box 2225
Mobile, AL 36652
251-433-6699
251-433-6127