IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) | CIVIL ACTION NUMBER:2:06cv717-1D |
| ) | |
| CAROL THORN; et al. ) ) | |
| Defendants. ) | |

### PLAINTIFF'S RESPONSE TO RENEWED MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS, DALE KIRKINDOLL, ELIZABETH KIRKINDOLL, AND THOMAS HOLT KIRKINDOLL

Comes now the plaintiff, Progressive American Insurance Company ("Progressive"), and responds to the renewed motion for summary judgment filed by the defendants, Dale Kirkindoll, Elizabeth Kirkindoll, and Thomas Holt Kirkindoll, (collectively referred to as "the Kirkindolls"), as follows:

1. Progressive filed this interpleader action because it received competing claims to its policy limits as a result of an automobile accident that occurred on December 26, 2004.

2. In their renewed motion for summary judgment, the Kirkindolls stated that they are entitled to the "full policy limits" because "no other defendants have appeared claiming the monies." (See Doc. 90 at ¶¶ 3-4.)

3. Progressive acknowledges that the claims of the majority of the interpleader defendants have been extinguished by dismissal or entry of default. Progressive has applied to the clerk of this court for an entry of default against Butler County EMS, Baton Rouge Clinic, Southern National Life Insurance Company, and Schumacher Medical Group of Alabama. (See Doc.83). However, it does not appear that the clerk has yet entered defaults against those defendants.

4. The defendant, LV Stabler Memorial Hosptial ("LV Stabler"), filed an answer to the interpleader complaint and expressly claimed "that it is entitled amount of the insurance proceeds equal to the amount of benefits and services provided by it to the patients treated at its facility." (Doc. 50).

5. The attorney for LV Stabler has advised that it is no longer asserting any claim to the interpled funds.

6. It appears that the Kirkindolls are the only defendants asserting claims to the interpled policy limits. Therefore, after the clerk enters defaults against the four remaining defendants, Progressive has no objection to the court entering an order disbursing the interpled funds in accordance with the Kirkindolls's renewed motion for summary judgment.

7. However, Progressive objects to the entry of any order which does not discharge Carol L. Thorn and Joe Leea Colon from any further liability as a result of the December 26, 2004 accident.

*/s/ R. Larry Bradford*

R. Larry Bradford, Attorney for
Progressive American Insurance Company
Federal ID Number: asb-8038-f64r

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL  35216
(205) 871-7733
lbradford@bradfordsears.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this the ___22___ day of October, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Mathew Richardson, Esq.
Sidney W. Jackson, III , Esq.
Jackson, Foster & Graham
P.O. Box 2225
Mobile, AL 36602

Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101-0270

Edgar M. Elliott, IV, Esq.
505 North 20TH Street, Suite 1800
Birmingham, Alabama 35203

Jimmie R. Ippolito, Jr., Esq.
1409 Coliseum Boulevard
Montgomery, Alabama 36130

Greer B. Mallette, Esq.
Christian & Small, LLP
505 20th Street North
1800 Financial Center
Birmingham, AL 35203-2695

_____
OF COUNSEL