IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CAROL THORN, JOLEEN LEEA COLON; DALE EUGENE KIRKINDOLL; ELIZABETH S. KIRKINDOLL; THOMAS HOLT KIRKINDOLL; JAMES W. GRIFFIN; SANDRA L. GRIFFIN; PATRICK A. BELT; CHRISTOPHER B. BELT; GENE STEGMAIER; ESTATE OF WILLIAM R KLAUSS, a deceased minor, LV STABLE MEMORIAL HOSPITAL; DRPT. LAKE REHABILITATION CENTER; BUTLER COUNTY EMERGENCY MEDICAL SERVICES. <br><br> Defendants. | CIVIL ACTION NO: 2:06cv 717-ID |

**DEFENDANTS, DALE KIRKINDOLL, ELIZABETH KIRKINDOLL, AND THOMAS HOLT KIRKINDOLL'S RESPONSE TO PLAINTIFF'S RESPONSE TO THE KIRKINDOLL'S RENEWED MOTION FOR SUMMARY JUDGEMENT**

COME NOW the above referenced Defendants and respond to the Plaintiff's October 23, 2007, response as follows:

1. In Paragraph 7 of its response (Document 95) Progressive takes the position, asserted for the first time, that it "objects to the entry of any order which does not discharge Carol L. Thorn and Jo Leea Colon from any further liability as a result of the December 26, 2004 accident".

2. This request totally ignores the fact that there is pending in the Circuit Court of Butler County, Alabama, a lawsuit naming Carol L. Thorn and Jo Leea Colon as a defendant along with

the Kirkindoll's UM/UIM carrier State Farm Insurance Company.

3. Were this Court to enter an order discharging the defendants as requested by Progressive, this Court would in effect be adjudicating the Butler County case.

4. There is no basis for the Court to enter such an order which would substantially prejudice the Kirkindolls rights in the Butler County case. Progressive's position is not authorized by law. Further, Progressive's position here is inconsistent and contrary with Progressive paying the money, unfettered, into Court for a determination as to how the proceeds should be distributed.

5. The Kirkindolls request that the Court deny Progressive's response, order that all funds be paid to the Kirkindolls, order Progressive to provide proof of the "competing claims" it has alleged and to bear attorney fees and costs to the Kirkindolls for having to defend this interpleader when the facts and evidence show that only one other entity, LV Stabler Hospital had a claim against the Kirkindolls (not against Progressive) which could have been resolved easily among the parties without the necessity of this interpleader action. The Kirkindolls would point out to this Honorable Court that its claim for attorney fees was plead and referenced in its answer to the Plaintiff's amended complaint.

Respectfully submitted,

        JACKSON, FOSTER & GRAHAM, LLC
        Post Office Box 2225
        Mobile, AL 36652
        251-433-6699
        251-433-6127

        BY: /s/ SIDNEY W. JACKSON, III
            SIDNEY W. JACKSON, III (JAC024)
            MATHEW B. RICHARDSON (RIC050)

CERTIFICATE OF SERVICE

I hereby certify that I have on this day 25th of October, 2007, served a copy of the foregoing pleading with te Clerk of the Court using the CM/CEF system which will send notification of such filing to the following:

R. Larry Bradford, Esq.
BRADFORD & SEARS
2020 Canyon Road
Birmingham, AL 35216

Christopher L. Whittington, Esq.
WHITTINGTON & REYNOLDS
P.O. Box 3035
Baton Rouge, LA 70821-3035

Ronald Davenport
Ruston, Stakely, Johnston
P.O. Box 270
Montgomery AL 36101

Jimmie R Ippolito, Jr. Esq.
1409 coliseum Boulevard
Montgomery Al 36130

Edgar M. Elliott
Christian Small
505 20th Street North
Suite 1800
Birmingham Al 35203

Greer Mallette, Esq.
CHRISTIAN SMALL
505 N 20th St. Ste 1800
Birmingham Al 35203-4611

/s/ SIDNEY W.JACKSON, III