IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE AMERICAN ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: 2:06cv717-1D |
| ) | |
| CAROL THORN; et al., ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION FOR ENTRY OF FINAL ORDER**

COME NOW the plaintiff, Progressive American Insurance Company ("Progressive"), and the defendants, Dale Kirkindoll, Elizabeth S. Kirkindoll, and Thomas Holt Kirkindoll ("the Kirkindolls"), and move the court to enter a final order which dismisses this case and disburses the interpled funds, plus any accrued interest, to the Kirkindolls. In support of the motion, Progressive and the Kirkindolls show unto the court as follows:

1. The Kirkindolls and LV Stabler Memorial Hospital are the only defendants asserting claims to the interpled policy limits.

2. The remaining defendants have been dismissed or default judgments have been entered against them.

3. The attorney for LV Stabler Memorial Hospital has advised that it is not asserting a claim to the interpled funds.

    4.      Therefore, the Kirkindolls are the only parties with valid claims to the interpled funds.

    5.      Progressive and the Kirkindolls are attaching a proposed final order for the convenience of the court.

/s/ R. Larry Bradford
R. Larry Bradford , Attorney for Plaintiff,
Progressive American Insurance Company
Federal ID Number: asb-8038-f64r

OF COUNSEL:

Bradford & Sears, P.C.
2020 Canyon Road
Suite 100
Birmingham, AL  35216
(205) 871-7733
ebaggett@bradfordsears.com

/s/ Mathew Richardson
Mathew Richardson, Attorney for the Defendants, Dale Kirkindoll, Elizabeth S. Kirkindoll, and Thomas Holt Kirkindoll

/s/ Sidney W. Jackson, III
Sidney W. Jackson, III, Attorney for the Defendants, Dale Kirkindoll, Elizabeth S. Kirkindoll, and Thomas Holt Kirkindoll

OF COUNSEL:

Jackson, Foster & Graham
P.O. Box 2225
Mobile, AL 36602

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this the __21st__ day of December, 2007, served a copy of the foregoing to all attorneys of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

| | |
|---|---|
| Ronald G. Davenport, Esq. | Jimmie R. Ippolito, Jr., Esq. |
| Rushton, Stakely, Johnston & Garrett, P.A. | 1409 Coliseum Boulevard |
| P.O. Box 270 | Montgomery, Alabama 36130 |
| Montgomery, Alabama 36101-0270 | |
| | Greer B. Mallette, Esq. |
| Edgar M. Elliott, IV, Esq. | Christian & Small, LLP |
| 505 North 20TH Street, Suite 1800 | 505 20th Street North |
| Birmingham, Alabama 35203 | 1800 Financial Center |
| | Birmingham, AL 35203-2695 |

                                                                 /s/ R. Larry Bradford
                                                                 OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE AMERICAN INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NUMBER:2:06cv717-1D |
| CAROL THORN; et al., ) ) | |
| Defendants. ) | |

## **ORDER**

THIS CAUSE coming on the interpleader complaint filed by the plaintiff, Progressive American Insurance Company ("Progressive") and the court, having considered the complaint and arguments of counsel, makes the following findings of fact and conclusions of law:

    1.    Progressive issued a policy of automobile insurance to Carol L. Thorn ("Thorn").

    2.    Joleen Leea Colon ("Colon") was involved in an automobile accident on I-65 near Evergreen in Butler County, Alabama. The accident occurred on December 26, 2004. Colon is the daughter of Thorn and was covered under the Progressive policy issued to Thorn.

    3.    The vehicle operated by Colon crossed the center line of the interstate, striking a vehicle operated by Dale Eugene Kirkindoll, which, in turn, struck a vehicle driven by James W. Griffin ("Griffin").

4.  Dale Kirkindoll's passengers were Elizabeth Kirkindoll and Thomas Holt Kirkindoll. They were all injured in the accident.

5.  Griffin's passengers were Sandra L. Griffin, Patrick A. Belt, Christopher B. Belt, and Gene E. Stegmaier. They were all injured in the accident.

6.  Colon's passengers were her minor children, William R. Klauss and Cherety Thorn. Unfortunately, they were killed in the accident.

7.  It was believed that LV Stabler Memorial Hospital, BRPT Lake Rehabilitation Center, Butler County Emergency Medical Services, Baton Rouge Clinic, Our Lady of the Lake Regional Medical Center, Baton Rouge Orthopaedic Clinic, LLC, State Farm Health Insurance, GEMS, Inc., Schumacher Medical Group of Alabama, and Southern National Life Insurance Company had valid hospital liens or subrogation claims as a result of the medical treatment rendered to some of the individuals injured in the accident.

8.  Progressive received competing claims to the policy limits of the insurance policy issued to Thorn. It deposited with the clerk of this court its checks totaling $100,000 which represented the liability coverage available under the policy.

9.  Progressive filed an interpleader complaint and named as defendants all of the individuals injured in the accident and the estates of the two individuals killed in the accident. Progressive also named the entities believed to have valid hospital liens or subrogation claims.

9. Dale Kirkindoll, Elizabeth S. Kirkindoll, and Thomas Holt Kirkindoll filed answers to Progressive's interpleader complaint and asserted claims to the policy proceeds.

10. The defendant, LV Stabler Memorial Hospital, filed an answer to the interpleader complaint. However, its attorney has advised that it is no longer asserting any claim to the policy proceeds.

11. The remaining defendants did not file answers to Progressive's interpleader complaint. They have been dismissed as defendants. The court finds that they are not entitled to any portion of the interpled funds.

12. The court finds that Dale Kirkindoll, Elizabeth S. Kirkindoll, and Thomas Holt Kirkindoll are the only parties with valid claims to the interpled funds.

It is therefore ORDERED that the circuit clerk is hereby directed to issue a check in the amount of $100,000 plus any interest accrued, to the law firm of Jackson, Foster & Graham, LLC, on behalf of Dale Kirkindoll, Elizabeth S. Kirkindoll, and Thomas Holt Kirkindoll, and it is further

ORDERED that Carol Thorn and Joleen Leea Colon are discharged from any further liability as a result of the automobile accident which occurred on December 26, 2004 on I-65 in Butler County, Alabama, and it is further

ORDERED that Progressive American Insurance Company is discharged from any further liability for payment of benefits under the automobile insurance policy issued to Carol L. Thorn, and it is further

ORDERED that this case is dismissed with prejudice, and it is further

ORDERED that costs are taxed as paid.

ORDERED this the _____ day of _____, 2007.

                                          _____
                                          SENIOR UNITED STATES
                                          DISTRICT JUDGE