IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE AM. INS. CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 2:06cv717-ID |
| v. | ) |
| | ) |
| CAROL THORN, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the court is a joint motion for entry of final order, filed by Plaintiff Progressive American Insurance Company ("Progressive") and Defendants Dale Eugene Kirkindoll, Elizabeth S. Kirkindoll and Thomas Holt Kirkindoll (collectively, "Kirkindoll Defendants"). (Doc. No. 101.) In said motion, the parties request the court to disburse the interpleader funds, plus accrued interest, to the Kirkindoll Defendants and to dismiss this case with prejudice. The court finds that the motion is due to be granted upon the terms and conditions proposed by the parties, with the following modification.

As part of the relief requested, the parties seek an order discharging Joleen Leea Colon (the alleged tortfeasor) and Carol Thorn (the insured) "from any further liability as a result of the automobile accident which occurred on December 26, 2004, on I-65 in Butler County, Alabama." (Proposed Order at 3 (Doc. No. 101)); (see also Am. Compl. at 4 (Doc. No. 56).) The parties have not cited any authority which would permit the court to grant the requested relief, and the court's independent research found authority to

the contrary.  See State Farm Fire & Casualty Co. v. Tashire ("Tashire"), 386 U.S. 523 (1967).  In Tashire, the Supreme Court held that when statutory interpleader is sought against individuals with tort claims against the insured, the court can enjoin a claimant from asserting rights to the insurance policy proceeds on deposit with the court, except in the interpleader proceeding, but the court cannot enjoin a claimant from bringing lawsuits against the insured in other forums.  See 386 U.S. at 533.  "[T]he mere existence of such a[n interpleader fund] cannot, by the use of interpleader, be employed to accomplish purposes that exceed the needs of orderly contest with respect to the fund."  Id. at 534.  Concerning the proper parameters of an injunctive order in an interpleader action, the Supreme Court stated:

> State Farm's interest in this case, which is the fulcrum of the interpleader procedure, is confined to its $20,000 fund.  That interest receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself.  To the extent that the District Court sought to control claimants' lawsuits against the insured and other alleged tortfeasors, it exceeded the powers granted to it by the statutory scheme.

Id. at 535; see also Carolina Cas. Ins. Co. v. Mares, 826 F. Supp. 149, 155 (E.D. Va. 1993) (applying Tashire in a statutory interpleader action to deny insurer's motion for an injunction prohibiting actions against the tractor-trailer driver and driver's insured which "merely [sought] to establish their liability but which [did] not seek to reach the fund which [was] the subject matter of [the interpleader] action").

Statutory interpleader, not Rule 22 interpleader, governed the action in Tashire. The distinctions between statutory and Rule 22 interpleader relate primarily to jurisdictional prerequisites and procedural matters. See generally Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure, Civil 3rd § 1703, at 497 (2005) (comparing rule and statutory interpleader). The court finds that these distinctions do not nullify in a Rule 22 interpleader proceeding the general principle espoused in Tashire that the scope of relief in an interpleader action is limited to proceedings against the fund itself. See, e.g., Empire Fire & Marine Ins. Co. v. Crisler, 405 F. Supp. 990, 993 (S.D. Miss. 1976) (applying Tashire in a Rule 22 interpleader action). The court, thus, finds that the rationale of Tashire is equally appropriate in Rule 22 interpleader actions.

Here, Progressive and the Kirkindoll Defendants ask the court to absolve the alleged tortfeasor and the insured from all liability arising from the accident at issue, which would have the practical effect of precluding a claimant or other injured party from pursuing legal relief in another state or federal forum for injuries sustained as a result of the underlying collision. The parties' request embraces issues of liability which extend beyond the interpleader fund and is exactly the type of broad relief which Tashire says exceeds the orderly contest with respect to the interpleader funds. The court is not authorized to grant this relief.

Accordingly, in light of the modification discussed above and having considered the pleadings and arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.  Progressive issued a policy of automobile insurance to Carol L. Thorn ("Thorn").

2.  Joleen Leea Colon ("Colon") was involved in a multi-vehicle collision on Interstate 65 near Evergreen in Butler County, Alabama. The accident occurred on December 26, 2004. Colon is the daughter of Thorn and was covered under the Progressive policy issued to Thorn.

3.  The vehicle operated by Colon crossed the center line of the interstate, striking a vehicle operated by Dale Eugene Kirkindoll which, in turn, struck a vehicle driven by James W. Griffin ("Griffin").

4.  Dale Eugene Kirkindoll's passengers were Elizabeth S. Kirkindoll and Thomas Holt Kirkindoll. They were all injured in the accident.

5.  Griffin's passengers were Sandra L. Griffin, Patrick A. Belt, Christopher B. Belt and Gene E. Stegmaier. They were all injured in the accident.

6.  Colon's passengers were her minor children, William R. Klauss and Cherety Thorn. Tragically, they were killed in the accident.

7.  It was believed that the following entities had valid hospital liens or subrogation claims as a result of the medical treatment rendered to some of the individuals injured in the accident: (1) LV Stabler Memorial Hospital; (2) BRPT Lake

Rehabilitation Center; (3) Butler County Emergency Medical Services; (4) Baton Rouge Clinic; (5) Our Lady of the Lake Regional Medical Center; (6) Baton Rouge Orthopaedic Clinic, LLC; (7) State Farm Health Insurance; (8) GEMS, Inc.; (9) Schumacher Medical Group of Alabama; and (10) Southern National Life Insurance Company.

8. Progressive received competing claims to the policy limits of the insurance policy issued to Thorn. Consequently, Progressive filed this interpleader action, pursuant to Rule 22 of the Federal Rules of Civil Procedure, and deposited with the clerk of this court its checks totaling $100,000 which represented the liability coverage available under the policy.

9. In its interpleader complaint, Progressive named as defendants all of the individuals injured in the accident and the estates of the two individuals killed in the accident. Progressive also named the entities believed to have valid hospital liens or subrogation claims.

10. The Kirkindoll Defendants filed answers to Progressive's interpleader complaint and asserted claims to the policy proceeds.

11. The defendant, LV Stabler Memorial Hospital, filed an answer to the interpleader complaint; however, its attorney has advised that it is no longer asserting any claim to the policy proceeds.

12. The remaining defendants did not file answers to Progressive's interpleader complaint. Either the court has dismissed these defendants or the clerk has entered their default.

13. The court finds that the Kirkindoll Defendants, all of whom are nineteen years or older, are the only parties with valid claims to the interpleader funds and that no other named defendant is entitled to any portion of the interpleader funds.

14. The court finds that the Kirkindoll Defendants are entitled to the funds in the following amounts: Dale Eugene Kirkindoll, in the amount of $50,000; Elizabeth S. Kirkindoll, in the amount of $20,000; and Thomas Holt Kirkindoll, in the amount of $30,000. (See Doc. No. 29.)

Accordingly, for the foregoing reasons, it is CONSIDERED and ORDERED that the parties' joint motion for entry of final order be and the same is hereby GRANTED as modified herein.

It is further CONSIDERED and ORDERED that the Clerk of Court issue a check drawn on the designated Bank where the funds are deposited in the Money Market Account for $100,000, plus all earned interest. This check shall be made payable to the designated Bank. The designated Bank shall provide the Clerk of Court with two (2) Official Checks payable as follows:

(1) Law Firm of Jackson, Foster and Graham, LLC, for $100,000, plus ninety percent (90%) of all earned interest; and

(2) Clerk of Court for ten percent (10%) of all earned interest.

It is further CONSIDERED and ORDERED that, pursuant to 28 U.S.C. § 1914(b) and FRDOC 91-26415 reported at 56 Fed. Reg. 56356 (November 4, 1991), and directions received from the Administrative Office of U.S. Court on February 7, 1992, the

Clerk of Court PAY into the U.S. Treasury an amount equal to ten percent (10%) of the earned interest as a fee for handling said funds. The Clerk is DIRECTED to receipt this ten percent (10%) fee into the 510100 fund for the U.S. Treasury.

In order to make the aforesaid disbursements, the Clerk of Court is DIRECTED to withdraw the total principal of $100,000, plus all earned interest from the designated Bank, Money Market Account.

It is further CONSIDERED and ORDERED that the Clerk of Court mail the check to the Law Firm of Jackson, Foster & Graham, LLC, by certified mail, return receipt.

It is further CONSIDERED and ORDERED that Progressive is hereby DISCHARGED from any further liability for payment of benefits under the automobile insurance policy issued to Thorn and that this case is hereby DISMISSED with prejudice, with costs taxed as paid.

A final judgment shall be entered separately.

Done this 23rd day of January, 2008.

                        /s/ Ira Dement
                        SENIOR UNITED STATES DISTRICT JUDGE